UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAY G. BASHAM,                       )<br>                                                      )<br>     Plaintiff,                              )<br>                                                      )<br>     v.                                          )<br>                                                      )<br>ASTRAZENECA PHARMACEUTICALS LP,  )<br> *et al.*,                                        )<br>                                                      )<br>     Defendants.                          ) | Case No. 10-cv-161-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on its own initiative for purposes of case management.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

Here, Basham has invoked but not properly pled diversity of citizenship as a basis for federal jurisdiction. Federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332 (2006). The Seventh Circuit Court of Appeals has repeatedly stated that "allegations of *residence* are insufficient to establish diversity jurisdiction." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (emphasis added).

Consequently, a complaint asserting diversity jurisdiction must allege citizenship, not residence. *See, e.g., McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held*, 137 F.3d at 1000 (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)). Basham's Complaint (Doc. 2), however, alleges only his state of residence.

Furthermore, "[f]or the purposes of [28 U.S.C. § 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business[.]" *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis added). In his complaint, Basham only pleads the principal places of business of Defendants AstraZeneca AB and AstraZeneca PLC. Additionally, he only pleads the countries of incorporation of Defendant AstraZeneca UK. As such, Basham's complaint, at present, fails to adequately plead diversity jurisdiction as to these defendants.

Accordingly, the Court **ORDERS** that Basham shall have up to and including March 26, 2010, to correct these and *any other* jurisdictional defects. *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."). Should he fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: March 5, 2010**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**